### IN THE UNITED STATES DISTRICT COURT OF MARYLAND
### NORTHERN DIVISION

| | |
|---|---|
| CAROL L. OTTO<br>701 Locke Court<br>Virginia Beach, Virginia 23464<br><br>and<br><br>CAROL L. and JOHN E. OTTO, as husband and wife<br>701 Locke Court<br>Virginia Beach, Virginia 23464<br><br>　　*Plaintiffs*,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br>a/k/a AMTRAK<br><br><u>Serve on:</u>  Eleanor D. Acheson<br>Chief Legal Officer, General Counsel & Corporate Secretary<br>National Railroad Passenger Corporation<br>1 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>　　*Defendant*. | Case No.:  1:21-cv-1943 |

### COMPLAINT AND JURY PRAYER

NOW COMES, Carol L. Otto ("Mrs. Otto") and Carol L. and John E. Otto ("Mr. Otto"), by their attorneys Alan B. Neurick and Neurick LLC, Timothy E. Fizer and Fizer❖LLC, and sues National Railroad Passenger Corporation a/k/a AMTRAK ("AMTRAK"), and state as follows:

### FACTS COMMON TO ALL COUNTS

　　1.　　On or about August 3, 2018, at or around 3:40 PM, Mrs. Otto was leaving the train platform on the lower level of Pennsylvania Station ("Penn Station") located at 1500 N. Charles Street, Baltimore Maryland, using the upward-bound escalator.

2. Penn Station is and was at all relevant times owned by AMTRAK.

3. Located at the top of the upward-bound escalator were multiple temporary floor mats that had been placed there by employees or other agents, servants, or representatives of AMTRAK.

4. After ascending the subject upward-bound escalator, Mrs. Otto stepped off the escalator to continue into the station concourse, and immediately tripped and fell when she encountered one of the floor mats that was buckled, creating a hazard for pedestrian traffic in Penn Station.

5. As a result of her fall, Mrs. Otto sustained serious, painful, and permanent physical, psychological, and emotional injuries, for which she was required to receive treatment, incurred great financial expense, and suffered a diminution of her ability to enjoy life, as well as other injuries, damages, and losses.

## JURISDICTION AND VENUE

6. Plaintiffs Mrs. Otto and Mr. Otto, at all relevant times, are and were resident citizens of Virginia.

7. Defendant AMTRAK is a railroad carrier established under 49 U.S.C § 24301 as a for-profit corporation, with its principal place of business in the District of Columbia, and designated as a citizen of the District of Columbia only "when deciding original jurisdiction of the district courts of the United States in a civil action." (49 U.S.C. § 24301(a) and (b).) Furthermore, AMTRAK is a common carrier.

8. The subject occurrence herein occurred in Baltimore, Maryland. Venue is proper under 28 U.S.C. § 1391.

## COUNT ONE – NEGLIGENCE (Mrs. Otto)

9. Mrs. Otto hereby incorporates by reference, as if fully set forth herein, the facts and allegations contained in Paragraph 1-8, with respect to paragraph 9.

10. Defendant AMTRAK, as owner and operator of Penn Station, and as a common carrier, owed the utmost degree of care, skill and diligence to Mrs. Otto, to provide a reasonably safe environment, free from concealed or created hazards.

11. Mrs. Otto's fall and resulting injuries were caused by and did result from the lack of care, skill and diligence, amounting to recklessness, carelessness, and negligence on the part of AMTRAK, including but not limited to the following acts or omissions:

    a. failing to maintain the safety of the pedestrian walkways and common areas in Penn Station;

    b. failing to keep AMTRAK's property in a safe condition such that Mrs. Otto would not be exposed to any hazardous or dangerous situation which was known to, should have been known to, or was created by AMTRAK, its agents, servants, employees, or representatives;

    c. failing to properly inspect the public area wherein Mrs. Otto was caused bodily injury;

    d. failing to maintain the temporary floor mats in good and safe condition for the Mr. Dawson and others;

    e. failing to properly supervise the public common areas, including the location of Mrs. Otto's fall;

    f. failing to place any sign or signs providing notice or warning of hazardous conditions such as the location of Mrs. Otto's fall;

    g. installing, placing, and/or maintaining a defective and dangerous floor mat in such

a condition that it created a hazardous and unsafe condition for all pedestrian traffic walking on or into the floor mat; and

    h.    in other and various ways to be shown at Trial.

12.    As a direct and proximate result of the negligence of AMTRAK, Mrs. Otto fell with great force, and was caused to suffer severe and painful bodily injuries, emotional distress, loss of enjoyment of life, loss of income and earning capacity, permanent disfigurement, and permanent injuries; was caused to incur the costs of medical treatment for the care of her injuries, and will or may continue to suffer some or all of these injuries and damages, and was otherwise damaged.

13.    All of Mrs. Otto's injuries, damages and losses occurred as the result of the negligent acts and/or omissions of AMTRAK, its agents, servants, employees, or representatives.

14.    Mrs. Otto neither acted with negligence in relation to this event, nor assumed the risk of its occurrence.

WHEREFORE, Carol L. Otto demands judgment against the National Railroad Passenger Corporation (AMTRAK) in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus interest and costs.

### COUNT TWO – LOSS OF CONSORTIUM (Mrs. Otto and Mr. Otto)

15.    Mrs. Otto and Mr. Otto hereby incorporate by reference, as if fully recited herein, the allegations contained in paragraphs 1 – 14, above, with respect to paragraph 15.

16.    Mrs. Otto and Mr. Otto were married at the time of the occurrence on August 3, 2018, and have been married continuously since the subject occurrence.

17.    As a result of AMTRAK's negligence, all as described more specifically in Count One, and the Facts Common to All Counts, the marital relationship between Mrs. Otto and Mr. Shah was damaged, causing losses of society, affection, assistance, and companionship within the

marriage and to the marital relationship.

WHEREFORE, Carol L. Otto and John E. Otto, as husband and wife, demand judgment against the National Railroad Passenger Corporation (AMTRAK) in excess of SEVENTY-FIVE THOUSAND DOLLARS, ($75,000.00), plus interest and costs.

/S/ Timothy E. Fizer
_____
Timothy E. Fizer, Bar No.: 03197
Fizer❖LLC
100 West Road, Suite 300
Towson, Maryland  21204
(410) 494-6585
Tim@FizerLLC.com

/S/ Alan B. Neurick
_____
Alan B. Neurick, Bar. No.: 14607
Neurick LLC
400 East Pratt Street
Suite 800
Baltimore, Maryland 21202
(410) 736-9367
Alan@Neurick.com
*Attorneys for Plaintiffs*

## Jury Trial Prayer

Plaintiffs, by counsel, hereby pray a jury trial as to all issues in this case.

/S/ Timothy E. Fizer
_____
Timothy E. Fizer